PRANG (PARTON v.).    See Case No. 10,784.

---

## Case No. 11,366.
### In re PRANKARD et al.
[1 N. B. R. 297 (Quarto, 51).] [1]

District Court, S. D. New York.   Feb. 13, 1868.

BANKRUPTCY—PETITIONS BY PARTNERS—DISTRICT OF RESIDENCE.

A petition was filed by two partners, one of whom neither resided nor carried on business in the district where the petition was filed: Held, that such partner must file his petition where he resided. It appearing further, that a third party had been a partner at the time the partnership debts were contracted, and that the members thereof were bankrupt jointly and individually, the court intimated that no proceedings could be had in the other petition or petitions until the third partner joined or was brought in by proper notice.

By ISAAC DAYTON, Register:

I, Isaac Dayton, one of the registers of said court in bankruptcy, do hereby certify that, in the course of the proceedings in said cause before me, the following question arose pertinent to said proceedings. The petition having been referred to me by order of this court (form No. 4), and the same having come before me on the 1st inst., for adjudication of bankruptcy, and it appearing by said petition that Francis T. Prankard resides in the city of New York, and the petitioner, William C. Prankard, resides in the Eastern district of New York; that they are copartners, and were transacting business in the city of New York as such, at the times mentioned in the schedule marked "A," annexed to said petition, being in the year of 1860, the time when the debts set forth in

---

[1] [Reprinted by permission.]

said petition were alleged to have been contracted. And it further appearing by the schedules annexed to said petition, that there are no individual debts or assets of either of said petitioners, the register is of opinion that this court has no jurisdiction upon said petition to adjudicate the said petitioner, William C. Prankard, who resides in the Eastern district of New York, a bankrupt, the petition not showing that he resides or is now doing business in the Southern district of New York; and that section 36 of the bankrupt act [of 1867 (14 Stat. 534)], which provides that in case of bankrupt partner, if such copartners reside in different districts, the court in which the petition is first filed shall retain exclusive jurisdiction of the case, gives this court no jurisdiction to adjudicate the petitioner, William C. Prankard, a bankrupt, or any power or authority over his person until he shall have filed his petition for adjudication of bankruptcy in the district where he resides.

N. A. Chedsey, the counsel for the petitioners, insists, that where both the petitioners join in the petition, and there are no individual debts, and all the copartnership indebtedness was contracted in this city, and one of the petitioners resides in the city of New York, which facts appear in this case, it is necessary for the other petitioner to file his petition in the district where he resides, and that this court has no jurisdiction, as the case now stands, to adjudicate both petitioners bankrupts, and requests that the question be certified.

BLATCHFORD, District Judge. The register is correct. William C. Prankard must file his petition in the Eastern district of New York. I have referred to the petition on file in this case, and observe that it states that John S. Marshall was a copartner with the petitioners when the copartnership debts, set forth in Schedule A, were contracted, and that the members of the copartnership are bankrupts, jointly and individually. On this state of facts, no proceedings can be had on the petition or petitions of the Prankards, unless Marshall joins with them, until he is brought in by a notice and proceedings under general order No. 18. The clerk will certify this decision to the register, Isaac Dayton, Esq.